**STATE v JONES**

Ohio Appeals, 9th Dist.,
Summit Co.

No. 3410. Decided Oct. 8, 1941.

Alva J. Russell, Pros. Atty., Akron, and Robert Azar, Asst. Pros. Atty., Akron, for appellee.

Edward S. Sheck, Akron, Louis L. Manes, Akron, and Stanley Denlinger, Akron, for appellant.

**OPINION**

By WASHBURN, J.

This cause is before this court on appeal on questions of law.

The appellant is Harry D. Jones, who was indicted and tried for, convicted of, and sentenced for, the crime of malicious destruction of property. He will be hereinafter referred to as the defendant.

Before the jurors were examined, the defendant interposed a challenge to the array, which was overruled, and such action of the court

is assigned as one of the errors complained of.

After the introduction of the testimony on behalf of the state and the introduction by the defendant of the evidence of five witnesses, the defendant made a motion to declare a mistrial, which, after quite an extended hearing in the absence of the jury, was denied, and that ruling is assigned as error.

It is also claimed that there was misconduct on the part of the trial judge, occurring in the presence of the jury, for which a new trial should be granted, and also that there were various other errors of law occurring at the trial by reason of which the defendant did not have a fair trial.

As to the challenge to the array, the record discloses that there were on hand at the court house 48 jurors, who had been summoned for jury duty in all respects in accordance with the laws of Ohio governing the selection of jurors for service in court, and that the only claimed irregularity was that the jury bailiff, or, as she is designated by statute (§1541 GC), chief court constable, in response to the order of the trial judge for 16 jurors to be sent to his court, selected that number from among the jurors on hand and sent them to the court room where the trial of the defendant was to be conducted.

The record also discloses that in making the selection the constable followed a more or less flexible plan, designed to equalize the work among the jurors, and that the procedure followed in this case was the usual procedure followed in all other cases over a period of years. The constable who had charge of the jurors and who made said selection, was appointed by the judges comprising the Common Pleas Court, and operated under their supervision and direction, in accordance with the provisions of said statute. There is no evidence that the said constable was in any wise interested in this case or that the established procedure was in any manner varied. No statute of the state and no rule of the court was violated, and whether the established procedure should or should not be changed, is a question for determination by the Common Pleas judges or the legislature; but under the record in this case, we hold ▓▓▓▓▓ ▓ that there was no error in overruling the challenge to the array.

As to the claimed error of the court in failing to declare a mistrial on the motion of the defendant made after the state had introduced its evidence and the defendant had introduced the evidence of several of his witnesses, it should be noted that the motion was not to excuse one juror and to substitute therefor the alternate, under the statute providing for such substitution under some circumstances; it was simply and purely a motion to declare a mistrial, and that was insisted upon throughout the hearing of the motion.

It was the claim of counsel for the defendant that they had discovered during the trial, and after they had introduced a part of the evidence on behalf of the defendant, that one of the jurors, in answer to questions on the voir dire, had concealed certain facts about which she had been interrogated, and had falsely answered an interrogatory as to another fact.

The claimed concealment was in reference to the fact that the juror's oldest son was serving a sentence in the jail of the county

and was not living at home with her.

When said juror was being examined on voir dire, the assistant prosecutor asked the following questions and the juror gave the following answers:

"Q. Mrs. Howald, do you have a family? Any children?

"A. Yes, I have three boys.

"Q. Three boys. And their ages, please?

"A. Twenty-one, eighteen and eight.

"Q. And is your oldest boy employed?

"A. No, he isn't.

"Q. Any of your children?

"A. No.

"Q. That is, the youngest boy? They stay at home, do they?

"A. Yes."

It was shown at the hearing on the motion that a few weeks before the trial the juror was in the Court of Common Pleas when her oldest son pleaded guilty to violation of the criminal statutes and was sentenced to the jail of the county, and it is claimed that her answer constituted a concealment of the fact that her oldest boy was in jail at the time she was being examined.

We cannot agree with such interpretation of the juror's said answers. The record justifies the conclusion that at the time said questions were asked no one had in mind the incident as to the juror's oldest son, and the questions cannot be fairly said to refer to it. Moreover, that fact does not appear to be material.

As to the claimed misstatement of fact, the record discloses that, at said voir dire examination, the assistant prosecutor, after asking the juror whether the attorneys for the defendant had ever represented her or any member of her family in any matter, asked her the following questions and she made the following answers:

"Q. The State of Ohio in this case is represented by the prosecutor, Mr. Russell, Alva Russell, myself, Robert Azar, assistant prosecutor, and Mr. Glenn Peters.

"A. I don't know any of you.

"Q. Do you know any of us?

"A. No, I don't.

"Q. We also have in our office, the prosecutor's office, two other assistants, William Spencer and George Farr. Do you know either one of those men?

"A. No."

It is claimed that her answer that she did not know Mr. Farr, an assistant prosecutor who was taking no part in the Jones trial, was untrue, and to prove that, evidence was introduced showing that, at the hearing in the Common Pleas Court, when her son pleaded guilty in her presence, the state was represented by said Farr. No other evidence to show that she did know Mr. Farr was introduced.

The evidence introduced consisted of a stenographic report of all that transpired in court when the juror's son pleaded guilty and was sentenced. The stenographer entered upon the transcript that Farr was present representing the state and that he asked questions of witnesses and answered questions of the court, but there is no showing that the juror ever saw that transcript. All that is shown is that she was present in court and probably **heard** what was **said,** and it does not appear from the transcript that Farr's name was mentioned by anyone so as to acquaint the juror with the fact that anyone by the name of Farr was

present; and when she was questioned on voir dire if she knew Farr and she answered "no," Farr was not in the court room, and it does not appear that at any time during the trial of the defendant in this case Farr was in court when said juror was present. We hold that such evidence ■■■■■■■ ■ does not show that the juror knew Farr and made a misstatement when she answered that she did not.

But whether or not she did know him is of little importance unless there was a showing that by his conduct at the hearing he conferred a favor upon the juror.

It was claimed that such favor was conferred. The only evidence offered was said transcript. · A consideration of the transcript shows that he did not do that. On the contrary, it shows that he introduced evidence which was strongly in opposition to the desire of the juror that her son be shown leniency by the court, and in no manner recommended leniency; and further that, if, under the circumstances of the case, the sentence was less severe than it should have been, it was solely the act of the trial judge.

On the record, we are of the opinion that the trial judge did not err in determining that, on the showing made, there was no concealment or misstatement of material facts by the juror that deprived the defendant ·of a substantial right in connection with the selection of jurors.

However, it is claimed by the defendant that the evidence introduced at the hearing was such as to make it the duty of the trial judge to suspend the trial of the case and make a further investigation by calling the juror before the court and interrogating her in reference to the truthfulness of her said answers on voir dire examination.

We hold, upon the showing made, that the trial judge ■■■■■■ ■ was not in error in deciding that such was not his duty.

Thereupon, one of counsel for the defendant insisted that the juror be brought into court and he be permitted to interrogate her.

The court, evidently having in mind the statute hereinbefore referred to giving the right to the court under certain circumstances to excuse a juror and substitute therefor the alternate, finally decided to bring the juror into court.

The motion to declare a mistrial was not made in the presence of the jury and was not referred to in the presence of any of the jurors during the hearing of the motion, the jury being in charge of the court·constable in the jury room, which is separate and apart from the court room and the chambers of the court.

The trial judge, pursuant to his decision to accede to the insistent demands of counsel for the defendant, instructed the constable to bring said juror into open court; and that was done without explanation of any kind to the juror as to why it was done. But as soon as the juror was seated, the prosecuting attorney, without saying anything that would inform the juror of what it was proposed to do or why she had been called in, moved the court for a recess to enable him to present some law to the court indicating that the proposed procedure was illegal; and the juror was immediately returned to the jury room.

The court thereafter reconvened without the jury, and argument was had upon the question as to whether or not the court had power to substitute the alternate for a

juror except under the specific circumstances mentioned in the statute. The trial judge finally concluded that, regardless of the question of power of the court, the showing made did not warrant further inquiry during the trial into the conduct of the juror (and no further inquiry was sought on the motion for a new trial), and announced that the matter was closed and that the trial should proceed.

The defendant saved exceptions to such ruling, as he had to various other rulings made during the hearing on the action.

Thereafter, the jury was brought into court, and the defendant was ordered to proceed with the introduction of his evidence, and counsel for defendant rested defendant's case without a further introduction of evidence; the defendant did not testify and of course was not cross-examined. The state having no further evidence to introduce, the cause was argued to the jury by attorneys representing the state and an attorney representing the defendant, and was submitted to the jury under the instructions of the court. A verdict of guilty was returned, upon which judgment was entered, and a motion for a new trial was filed, which was overruled.

On the motion for a new trial, no evidence whatsoever was introduced concerning any of the matters hereinbefore referred to. No error as to the charge of the court was argued, and no claim was made that, on the evidence that the jury had before it, the verdict was against the weight of the evidence.

It is, however, insisted that the defendant did not have a fair trial.

It is apparent from our rulings on the various claimed errors which have been argued and ruled upon as hereinbefore set forth,

that we are of the opinion that upon this record the defendant did have a fair trial and was properly convicted.

Judgment affirmed.

DOYLE, PJ., & STEVENS, J., concur.